IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2006 JUN 13 PM 1:28
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____ DEPUTY

| | | |
|---|---|---|
| **LEANN COLLINS**<br>**Plaintiff** | §<br>§<br>§<br>§ | |
| v. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION<br>NO:_____<br>**A06CA451 LY** |
| **EASYNEWS, INC.**<br>**Defendant** | §<br>§ | |

## ORIGINAL COMPLAINT

NOW COMES Leann Collins complaining of Easynews, Inc. and for cause of action would show unto the Court as follows:

### I.   JURISDICTION AND VENUE

1.1   This claim arises under the provisions of the Copyright Act of the United States, as amended, 17 USC § 1, et seq., and is for infringement of multiple copyrights registered in the Copyright Office of the United States.

1.2   This Court's jurisdiction over this matter is proper pursuant to 28 USC §§ 1331, 1332 and 1338(a).

1.3   Venue is proper in this judicial district pursuant to 28 USC §1391 and 1400(a) in that defendants or their agents "may be found" in this district, and the defendant is a corporation that is subject to personal jurisdiction in this district, and because a

1

substantial part of the events or omissions giving rise to the claims occurred in this district, and the property that is the subject of this action is located in this district.

## II.   PERSONAL JURISDICTION

2.1    This Court has personal jurisdiction over the defendant because: (a) the defendant's contacts with the State of Texas are continuous and systematic; and (b) the defendant purposefully directs its activities to the residents of the State of Texas and plaintiff's cause of action arises out of, or is related to the defendant's contacts with the State of Texas.

2.2    More specifically, defendant does business over the internet by entering into contracts with Texas residents, which contracts involve the knowing and repeated transmission of computer files over the internet.

2.3    Moreover, defendant's website is sufficiently interactive and commercial in nature to justify personal jurisdiction in that it processes credit cards, sells monthly subscriptions to its Texas users, offers customized database searches, allows multiple options for viewing pictures, allows subscribers to download photographs (one at a time or in masse) for a monthly fee, stores those images on its servers for a substantial period of time, and provides e-mail addresses and links for customer service problems.

## III.   THE PARTIES

3.1    Plaintiff is Leann Collins, an individual residing in Travis County, Texas.

3.2    Defendant is Easynews, Inc. an Arizona corporation doing business all over the world over the internet, and may be served with process by serving its registered agent, Connie J. Mableson, 3003 N. Central Avenue, Suite 1800, Phoenix, Arizona 85012.

## IV.   FACTS

4.1     Leann Collins ("Collins") is a professional photographer who specializes in wedding photography, portraits, still-lifes, landscapes and fine-art nudes.

4.2     From 2000 to 2005, Collins created over a thousand photographs and registered them with the United States Copyright Office. A list of the photographs at issue and the dates of registration is attached as Exhibit 1 and incorporated herein by reference.

4.3     All photos are marked with the name "Leann Collins" and the word "copyright" and the year of the copyright. A sample of one of Collins' photos is attached as Exhibit 2.

4.4     Collins owns and operates her own website at www.leanncollins.com. All of the photographs posted on her website are also marked with her name, the word "copyright" and the year of the copyright registration.

4.5     Unbeknown to Collins, in or about the month of October 2004, a third party stole and posted approximately 1075 of Collins' copyrighted and registered photos to an internet "newsgroup."

4.6     A "newsgroup" is an internet forum for the exchange of ideas by people of similar interests. Newsgroups exist on the Usenet, which is a network of computers linked by telephone lines or coaxial cable – similar to the world wide web. A newsgroup typically specializes in a certain subject areas, such as sports, for example, or Cajun cooking. A substantial number of newsgroups are devoted to sexually explicit material. Newsgroups feature discrete collections of information called "articles." Newsgroup participants may "post" (upload) articles, which consist of text and/or images. Images may be posted by using scanners to convert a photograph to a digital file, which may then be uploaded onto the newsgroup. Once online and within a newsgroup, a participant may post an article,

may view one of many articles on the computer screen, and may download an article to his or her computer for later retrieval or printing or distributing.

4.7     The website www.easynews.com is dedicated to harvesting pirated images of many well-known photographers and film-makers, including but not limited to films and images from Star Trek, Disney, Penthouse and Playboy, which are regularly posted on various newsgroups on the Usenet.  Easynews, Inc. is the owner and operator of www.easynew.com.

4.8     Easynews uses "data mining" software which is specifically designed to search the newsgroups for images based on a pre-determined set of search criteria.

4.9     Once the data mining software finds what it is looking for, it then strips the images of any identifying text, such as advertising and copyright information, to the extent possible.

4.10    Easynews then duplicates the images harvested by creating small "thumbnail" size copies which allows the viewer to view and download multiple images at one time.

4.11    Easynews only loads a small percentage of the images found in the newsgroups. Easynews cherrypicks the best and most marketable images for posting on its website, and deletes duplicate images.  Easynews exercises a great deal of control over the content of its website.

4.12    The Easynews website also appears to have an entire section dedicated exclusively to child pornography.

4.13    Easynews then charges a monthly subscription fee for the right to access and download those pirated images and films.

4.14   Easynews makes money by storing and indexing the infringing images on its servers for approximately forty days in order to allow its subscribers plenty of time to search, view, print, download and distribute images.

4.15   Easynews has the right and ability to control and supervise the infringers' activities.

4.16   On or about November 2, 2004, Collins wrote a letter to attorney Connie Mableson, the Easynews, Inc. designated agent for notice of copyright infringement, and notified her that Easynews was violating her copyrights by displaying her photos on the Easynews website and providing the method and the means for others to view, copy, download, distribute and display those photos.

4.17   On or about November 9, 2004, Mableson sent Collins an e-mail acknowledging receipt of Collins' letter, but claiming that her notice letter was defective because it did not "provide the specific location of each of the allegedly infringing photos." Mableson also asked Collins to provide the "abuse desk" with all of the headers that relate to the infringing photos.

4.18   On the same day, Collins responded by e-mail to Mableson and explained that she had already provided Easynews with all the information necessary to find and remove her pictures.

4.19   On or about November 11, 2004, an anonymous person at the "abuse desk" sent Collins an e-mail claiming that "the law dictates that we are NOT to generally police USENET and its millions of postings to see if there any of your allegedly infringing files in the thousands of newsgroups." The anonymous e-mail also asked for a list of the headers for the postings. However, the link to the header function was broken and the

header information was, thus, not available. It was the responsibility of Easynews, Inc. to ensure that the links to the header information were functioning properly if it wanted aggrieved photographers to comply with its complaint policy.

4.20    Moreover, there is no legal requirement that an aggrieved photographer provide the header information. Nor is the header information the best way to identify the location of the infringing photos. Each image had a distinctive file name unique to Collins that was easily searchable through the Easynews database.

4.21    Thus, the requirement to furnish headers was an obstacle deliberately set up by Easynews to make it more difficult for aggrieved photographers to file a complaint – especially when the link to the header information was broken.

4.22    On the same day, Collins responded by e-mail to the "abuse desk" informing them specifically where they could find her photos on the Easynews website.

4.23    On or about November 12, 2004, Mableson sent Collins another e-mail informing her that Easynews would review the allegedly infringing images – but only those for which they had sufficient header information.

4.24    On the same day, Collins responded by e-mail to Mableson, once again informing Easynews of where the photos could be found.

4.25    On or about December 4, 2004, Collins sent another e-mail to Mableson informing her that the photos still had not been removed and urging her to have them removed.

4.26    On or about December 6, 2004, Mabelson responded to Collins by e-mail asking for the header information for each picture.

4.27    Easynews, Inc. never removed the infringing pictures in response to Collins' complaints. Instead, after approximately forty days, the Easynews system automatically eliminated the offending images in the normal course of its operations.

4.28    In the month of February 2005, a third party again stole and posted a group of Collins' copyrighted and registered photographs onto a newsgroup on the Usenet. Again, the Easynews data mining software searched for, found and absorbed Collins' images to its website.

4.29    On or about March 9, 2005, Collins sent another letter to Mableson asking that her photos be removed from the Easynews website, and informing her of where the photos could be found. This time Collins' letter enclosed copies of the headers showing where the photos could be found on the Easynews website. Despite having received the headers, Easynews, Inc. did not respond to Collins' letter and did not remove the infringing photos. Instead, after approximately forty-five days, the Easynews system automatically eliminated the offending images in the normal course of its operations.

4.30    On or about April 14, 2006 Leann Collins posted approximately 109 images to the Usenet newsgroup alt.binaries.pictures.fine-art.photos.

4.31    These images posted to the newsgroup included as text language to the effect that no rights in the images were released; there was no implied license granted; that the pictures were for personal use only; and that they were copyrighted, and that they were not to be posted on any commercial website.

4.32    Easynews.com's "data mining" programming targeted these images for selection because they were in an image file.  Easynews picked up these images, converting them, and also eliminating important information that was part of the original newsgroup post.

4.33    Within several hours these pictures were picked up and displayed on the commercial website http://www.easynews.com, despite Ms. Collins having clearly stated that they were not to appear on a commercial website and that the images were copyrighted.

4.34    Ms. Collins sent a Digital Millennium Copyright Act notice dated April 25, 2006 mailed April 26, 2006 to Connie Mabelson registered copyright agent for www.easynews.com.

4.35    Easynews failed to comply with the law.  A list of the photographs at issue in this violation, and the dates of registration is attached as Exhibit 3 and incorporated herein by reference.

4.36    By charging a monthly subscription fee, Easynews receives a direct economic benefit from the infringing activities of its users.  The millions of stolen copyrighted images on the Easynews website enhances the value of Easynews' services to its subscribers and also attracts new subscribers.

4.37    The Easynews software indexes the images by topic/category to make them easier to search and download.

4.38    The Easynews software illegally duplicates the copyrighted images by making small "thumbnail" size copies that make it easier to view multiple images on the screen at the same time.

4.39    Easynews, Inc. also has the right and ability to supervise and control the infringers' activities.

4.40    Thus, Easynews does much more than simply operate a passive website.

4.41    Easynews, Inc. had actual and constructive knowledge that the infringing copies were owned and copyrighted by Collins because each was prominently marked with Collins' name, the word "copyright" and the year of copyright registration.

## V.   CAUSES OF ACTION

### A.   DIRECT INFRINGEMENT

5.1    Plaintiff incorporates all preceding and proceeding paragraphs herein by reference.

5.2.   The list of attached original works form the subject of this copyright claim.

5.3.   Collins owns the copyrights in those works.

5.4    Those copyrights have been registered in accordance with the U.S. Copyright Act;

5.5    By the conduct described in this pleading, Easynews, Inc. directly infringed on Collins right to: (a) display; (b) distribute; and (c) reproduce the copyrighted works.

### B.   CONTRIBUTORY INFRINGEMENT

5.6    Plaintiff incorporates all preceding and proceeding paragraphs herein by reference.  Defendant's conduct also constitutes contributory infringement.

5.7    Easynews, Inc. substantially participated in the direct infringement by third parties by providing the machinery and the means to infringe.

5.8    Easynews, Inc. induces and encourages infringement by its subscribers.

5.9    Easynews, Inc. had actual and constructive knowledge of the direct infringing activities by its subscribers because the images were prominently marked with Collins'

name, the word "copyright," the year of copyright registration and because Collins put it on notice by sending written correspondence and e-mail correspondence.

5.10   Easynews, Inc. knew or should have known that its subscribers were posting copyrighted images on the Easynews website without Collins' consent.

**C.   VICARIOUS INFRINGEMENT**

5.11   Plaintiff incorporates all preceding and proceeding paragraphs herein by reference. Defendant's conduct also constitutes vicarious infringement.

5.12   Easynews, Inc. has the right and ability to supervise and control the infringing conduct.

5.13.   By charging its subscribers a monthly fee, Easynews, Inc. has receives a direct financial benefit from the infringement.

## VI.   REMEDIES SOUGHT

6.1   Actual, consequential and statutory damages pursuant to 17 USC §504.

6.2   Reasonable and necessary attorney's Fees pursuant to 17 USC § 505.

6.3   Additional statutory damages for willful infringement pursuant to 17 USC § 504(c).

## VII.   REQUEST FOR JURY TRIAL

7.1   Plaintiff hereby requests a trial by jury.

## VIII.   PRAYER

8.1   Wherefore, Plaintiff requests that the Defendant be cited to appear and answer herein and for Court Orders and Judgment as follows:

a.   Actual and consequential damages; and/or

b.   Statutory damages pursuant to 17 USC §504; and

c. Additional statutory damages for willful infringement pursuant to 17 USC § 504(c); and

c. Attorneys' fees pursuant to 17 USC § 505; and

d. Costs of Court, and expenses incurred in the litigation; and

e. Pre and post-judgment interest; and

f. Such other and further relief at equity and at law to which Plaintiffs may be justly entitled.

Respectfully submitted,
CASTRO & BAKER, LLP

By: *Daniel R Castro*
Daniel R. Castro
State Bar No. 03997390
9433 Bee Caves Road
Building I, Suite 140
Austin, Texas 78733
phone: (512) 732-0111
fax:    (512) 732-0115

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff  **Travis**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

RECEIVED
JUN 13 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Daniel R Castro

Attorneys (If Known)
**A06CA451 LY**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
17 USC § 101, et seq.
Brief description of cause: Copyright Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE 6-13-06
SIGNATURE OF ATTORNEY OF RECORD Daniel R Castro

**FOR OFFICE USE ONLY**

RECEIPT # 386057  AMOUNT 350.00  APPLYING IFP _____  JUDGE Yeakel  MAG. JUDGE _____

AO82
(Rev. 4/90)

ORIGINAL                                                              **386057**

**RECEIPT FOR PAYMENT**
**UNITED STATES DISTRICT COURT**
for the
**WESTERN DISTRICT OF TEXAS**
at _Austin_

RECEIVED FROM  _Castro + Baker LLP_
_13706 N Highway 183 Ste 200_
_Austin TX 78750_

| Fund | | ACCOUNT | AMOUNT |
|---|---|---|---|
| 6855XX | Deposit Funds | 086900 | 60.00 |
| 604700 | Registry Funds | | |
| | General and Special Funds | 510000 | 190.00 |
| 508800 | Immigration Fees | | |
| 085000 | Attorney Admission Fees | 086400 | 100.00 |
| 086900 | Filing Fees | TOTAL | 350.00 |
| 322340 | Sale of Publications | | |
| 322350 | Copy Fees | Case Number or Other Reference | |
| 322360 | Miscellaneous Fees | 1:06-CV-451 | |
| 143500 | Interest | | |
| 322380 | Recoveries of Court Costs | new case | |
| 322386 | Restitution to U.S. Government | | |
| 121000 | Conscience Fund | | |
| 129900 | Gifts | Leann Collins | |
| 504100 | Crime Victims Fund | V. | |
| 613300 | Unclaimed Monies | | |
| 510000 | Civil Filing Fee (½) | Easynews Inc. | |
| 510100 | Registry Fee | # 1142 | |

$ Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

# 1145

| DATE | Cash | Check | M.O. | Credit | DEPUTY CLERK: |
|---|---|---|---|---|---|
| 6/13/2006 | | X | | | AFrench |