IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LEANN COLLINS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | A-06-CA-451  LY |
| | § | |
| EASYNEWS, INC., EL DORADO | § | |
| SALES, INC., JEFFREY ALAN MINOR, | § | |
| LYNN MINOR, MIKE MINOR, | § | |
| | § | |
| Defendants | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Lynn Minor's Motion to Dismiss, filed September 6, 2007

(Clerk's Dkt. #103); Response to Lynn Minor's Motion to Dismiss, filed September 17, 2007 (Clerk's

Dkt. #113); and Defendant Pluma Lynn Minor's Reply on Rule 12(b)(2) Motion to Dismiss for Lack

of Personal Jurisdiction, filed September 28, 2007 (Clerk's Dkt. #121).   The motion was referred

by United States District Judge Lee Yeakel to the undersigned for a Report and Recommendation

as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure,

and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western

District of Texas.   After reviewing the parties' pleadings, relevant case law, as well as the entire

case file, the undersigned issues the following Report and Recommendation to the District Court.

**I.  BACKGROUND**

Plaintiff Leeann Collins ("Collins") originally filed this action on June 13, 2006, naming

Easynews, Inc.  ("Easynews") as the sole Defendant.  Collins filed an amended complaint on June

21, 2007 adding as defendants El Dorado Sales, Inc. ("El Dorado"), Jeffrey Alan Minor, Lynn Minor

and Mike Minor (collectively "the Minors").  Collin is an individual residing in Travis County.  (1st

Am. Compl. ¶3.1). Easynews and El Dorado are Arizona corporations. (*Id.* ¶¶3.2-3.3). The Minors are residents of Arizona. (*Id.* ¶¶3.4-3.6).

Collins is a professional photographer. From 2000 to 2005 she registered over 1000 photographs with the United States Copyright Office. All of the photographs are marked with her name and are also marked as copyrighted. Collins owns and operates her own website. All of the photographs posted on her website are marked with her name, the word "copyright" and the year of the copyright. (*Id.* ¶¶4.1-4.4).

According to Collins, in October 2004, without her knowledge, a third party stole and posted approximately 1075 of her copyrighted photographs to an Internet "newsgroup."[1] She alleges El Dorado, owns and operates a website, www.easynews.com, which is "dedicated to the sale of pirated photographs, movies [and] music . . . to subscribers who pay a monthly subscription fee." (*Id.* ¶¶4.5-4.6, 4.21).

Collins further alleges, at all times relevant to this lawsuit, El Dorado owned a large volume of news servers, located at http://members.easynews.com, which received pirated photos, movies and music from other independently owned and operated news servers. According to Plaintiff, El Dorado sold the pirated images, movies and music files by way of both its website and news servers, in exchange for a monthly subscription fee. Collins alleges her copyrighted images appeared on both El Dorado's website and news servers and were available for viewing, printing, downloading and distributing. (*Id.* ¶¶4.16-4.20). In addition, Collins alleges El Dorado decoded

---

[1] Collins describes a "newsgroup" as:

an internet forum dedicated to the exchange of pictures, movies, music and discussion by people of similar interests. A newsgroup typically specializes in a certain subject areas, such as sports, for example, or Cajun cooking. A substantial number of newsgroups are devoted to sexually explicit material. Newsgroups feature discrete collections of information called "postings" or "articles." Newsgroup participants may "post" (upload) articles, which consist of text and/or images, movies and music.

(*Id.* ¶4.6).

the images and created "thumbnail" size copies which allow viewers to view and download multiple images at a time.  (*Id.* ¶¶4.29-4.38).

Plaintiff maintains El Dorado at all times was the full owner of Easynews, that Easynews was nothing more than a name on a certificate of incorporation, and that all income generated by Easynews was directly deposited to the accounts of El Dorado.  (*Id.* ¶¶4.21-4.28).  She further alleges El Dorado, as well as the Minors, all had the right and ability to limit or filter the images appearing on both the website and news servers.  In addition, according to Collins, Jeffrey and Lynn Minor were officers, directors and owners of El Dorado with full supervisory control over the operations of the company and its employees.  Plaintiff alleges Mike Minor was responsible for the computer code and supervising the programming staff of El Dorado.  (*Id.* ¶¶4.39-4.50).

Collins alleges that, on or about November 2, 2004, she wrote a letter to Connie Mableson ("Mableson"), the registered agent designated to receive copyright infringement notices under the Digital Millennium Copyright Act ("DMCA") for Easynews, notifying Defendant of the violation of her copyrights by their display of her images on their website.  According to Plaintiff, El Dorado did not have a registered agent designated to receive copyright infringement notices under the DMCA. Although Collins continued to communicate her concerns to Mableson, she was unable to satisfactorily resolve the matter.  Instead, the El Dorado systems automatically eliminated the offending images in the normal course of its operations.  (*Id.* ¶¶4.52-4.65).

According to Collins, a third party again stole and posted her copyrighted images to a newsgroup in February 2005.  These images also appeared for sale on El Dorado's website and news server.  Collins alleges she sent another letter to Mableson in March 2005 complaining of the infringing activity.  Again, the matter was not satisfactorily resolved prior to the deletion of the images by El Dorado in the normal course of operations.  (*Id.* ¶¶4.66-4.67).

Collins further alleges she posted 109 of her copyrighted images to a Usenet newsgroup in April 2006.  These images specifically included text stating no rights to the images were

released, no implied license was granted, the pictures were for personal use only, the images were copyrighted and that the images were not to be posted on a commercial website.  According to Collins, within several hours these images were picked up and displayed on El Dorado's website and news server.  Collins sent Mableson a DMCA Act notice on April 26, 2006 identifying the alleged violation.  (*Id*. ¶4.68-4.71).

Collins then filed this action.  By way of her complaint, Plaintiff first asserts claim for direct infringement under the Copyright Act against Defendants El Dorado and Easynews.  (*Id*. ¶¶5.1-5.5).  Collins further claims El Dorado has substantially participated in, induced and encouraged, and had knowledge of, the direct infringement, and is thus liable for contributory infringement under the Copyright Act.  (*Id*. ¶¶5.6-5.10).  Collins also alleges, because El Dorado had the right and ability to supervise and control the infringing conduct, and received a direct financial benefit from the infringement, El Dorado is also liable for vicarious infringement.  (*Id*. ¶¶5.11-5.13).

Plaintiff also asserts the Minors have substantially participated in, induced and encouraged, and had knowledge of, the direct infringement by El Dorado and Easynews on both the news servers and web servers, and are thus liable for contributory infringement under the Copyright Act. (*Id*. ¶¶6.1-6.5).  Collins also alleges, because the Minors had the right and ability to supervise and control the infringing conduct, and received a direct financial benefit from the infringement, they are also liable for vicarious infringement.  (*Id*. ¶¶6.6-6.8).  Plaintiff further asserts liability against the defendants under the single business enterprise and alter ego theories.  (*Id*. ¶¶7.1-8.5).  She also claims all Defendants are liable to her for engaging in fraudulent transfers for the purpose of avoiding their obligations to creditors.  *(Id*. ¶9.1).  Collins seeks consequential and statutory damages, reasonable and necessary attorneys' fees, additional statutory damages for willful infringement, a set aside of fraudulent transfers and the creation of an equitable and/or constructive trust for the conservation of assets.  *(Id*. ¶¶10.1-10.5).

Defendant Lynn Minor has now moved to dismiss the claims against her.  She maintains:

4

(1) Plaintiff has failed to properly serve her; (2) this Court lacks personal jurisdiction over her; and (3) Collins' fraudulent transfer claim should be dismissed for failure to state a claim. The parties have filed responsive pleadings and the matters are now ripe for determination.

## II.  SUFFICIENCY OF PROCESS

Defendant Lynn Minor first contends this action should be dismissed as to her for insufficiency of service of process.  She asserts the summons was not served upon her at her actual dwelling or usual place of abode.  Rather, according to Defendant, the summons was apparently served upon a home companion caretaker of her mother-in-law at her mother-in-law's dwelling.

Rule 4 authorizes service by delivery of a copy of the summons and complaint to the individual personally or "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein."  FED. R. CIV. P. 4(e)(2).  According to Defendant, because she does not reside at the address at which summons were served, service was not properly effectuated upon her and this action should be dismissed as to him.  Plaintiff disagrees, maintaining Defendant was served at the address she testified was her "home address" in her deposition.  Collins further requests, should the Court find process insufficient, service be quashed and she be granted another opportunity to serve Defendant.

The undersigned need not resolve the matter. Subsequent to the filing of the motion and response, Plaintiff filed a declaration of service by process server.  The declaration states service was made upon Lynn Minor at her residence in Phoenix, Arizona on September 29, 2007. Accordingly, the Magistrate Court finds the matter of insufficiency of service of process has become moot.

## III.  PERSONAL JURISDICTION

Defendant further contends Plaintiff's claims against her should be dismissed because this

Court lacks personal jurisdiction over her.

A.      **Applicable Law**

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing a prima facie case for the court's jurisdiction over a nonresident defendant.  *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993); *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  When the Court considers the motion without an evidentiary hearing, the plaintiff may establish personal jurisdiction by presenting a prima facie case that personal jurisdiction is proper.  *Ham*, 4 F.3d at 415.  The plaintiff may offer affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.  *Stuar*t, 772 F.2d at 1192. Further, uncontroverted allegations in a plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in favor of the plaintiff. *Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).  Proof by a preponderance of the evidence is not required.  *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989); *Int'l Truck & Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 556 (N.D. Tex. 2003).

A court must consider both constitutional issues as well as the applicable statutes in resolving the issue of personal jurisdiction.  Thus, the Court must consider whether the Texas long-arm statute creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution.  *Revell v. Lidov*, 317 F.3d 467, 470 (5th Cir. 2002).  The Texas long-arm statute, which authorizes the exercise of jurisdiction over a nonresident defendant who does business in Texas, extends to the limits of due process.  *Access Telecom, Inc. v. MCI Telecommc'ns Corp.*, 197 F.3d 694, 716 (5th Cir. 1999); *Wien Air Alaska, Inc. v. Brandt*, 195 F.3d 208, 211 (5th Cir. 1999).  *See also CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996) (Texas Supreme Court has repeatedly interpreted long-arm statute "to reach as far as the federal constitutional requirements of due process will allow").

6

Accordingly, only the due process prong of the inquiry must be addressed. *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 854 (5th Cir. 2000).

Due process for jurisdictional purposes consists of two elements. First, the defendant must have sufficient "minimum contacts" with the forum state. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945); *Wilson v. Belin,* 20 F.3d 644, 647 (5th Cir. 1994). These "minimum contacts" may be analyzed in terms of specific jurisdiction or general jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003). Specific jurisdiction exists when the contacts with the forum state arise from, or are directly related to, the cause of action. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S. Ct. 2174, 2182 (1985) (jurisdiction appropriate where activities "purposefully directed" at residents of forum state and litigation arises out of or relates to those activities); *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000). General jurisdiction is proper when the defendant has other "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001).

If a nonresident defendant has sufficient minimum contacts with the forum state, the court must then consider whether the exercise of personal jurisdiction would "offend traditional notions of fair play and substantial justice." *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113, 107 S. Ct. 1026, 1033 (1987); *Wilson,* 20 F.3d at 647. This inquiry focuses on several factors, including: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the interest of the plaintiff in securing relief; (4) the interest of the judicial system in obtaining the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental substantive social policies. *Asahi Metal,* 480 U.S. at 113, 107 S. Ct. at 1033; *Guidry v. United States Tobacco Co.*, 188 F.3d 619, 630 (5th Cir. 1999).

7

### 2.  Minimum Contacts

Defendant Lynn Minor argues this Court lacks personal jurisdiction over her because her contacts with Texas are insufficient to establish specific jurisdiction.[2]  Defendant concedes this Court has already found the exercise of personal jurisdiction over Easynews was proper based on its operation of a subscription website with a significant number of customers located in the State of Texas.   Defendant argues, as a nonresident non-officer of the corporation, she is not automatically subject to jurisdiction under the same analysis.

Under the fiduciary shield doctrine, "an individual's transaction of business within the state solely as a corporate officer does not create personal jurisdiction over that individual though the state has in personam jurisdiction over the corporation."  *Stuart*, 772 F.2d at 1197.  This rule does not apply, however, to corporate officers who, in their role as corporate agents, injure persons by virtue of their "tortious activity even if such acts were performed within the scope of their employment as corporate officers."  *Id.*  Plaintiff here maintains the exercise of personal jurisdiction over Lynn Minor is appropriate because she committed contributory and vicarious copyright infringement in her capacity as a director of Defendant El Dorado.

Lynn Minor testified in her deposition that she is a director of El Dorado, and is also a shareholder by virtue of her community property interest in her husband's ownership of the company.  (Plf. Resp. Ex. 1 ("L. Minor Depo.") at 10-11).  She is not an officer of either El Dorado or Easynews, but does have signature authority for El Dorado's accounts and managed the accounting department.  (*Id*. at 10-12).  Lynn Minor further testified she drew an annual salary and was paid bonuses and profit distributions from El Dorado.  (*Id*. at 7-8).  According to Ms. Minor, although she worked in the office every day for the first five years, in the last five years she was there approximately once a week.  (*Id*. at 13).

---

[2]  Defendant asserts, and Plaintiff does not disagree, she does not have sufficient contacts with Texas to establish general jurisdiction.  The Court need not, therefore, address the issue.

8

Nonetheless, according to Plaintiff, Lynn Minor committed contributory and vicarious copyright infringement:

> by working with her husband, Jeff Minor to create a computer system that captures copyrighted photographs from the USENET, decodes them, duplicates them, stores them on file servers, makes web pages out of them, displays them and sells them to monthly subscribers.

(Plf. Resp. ¶ 5.2).  In addition, by way of her affidavit Collins avers she wrote multiple letters and emails to Mableson, Easynews' registered agent under the DMCA, regarding the violation of her copyrights by their display of her images on the Easynews website beginning on or about November 2, 2004.  Collins avers Easynews refused to remove the offending images prior to their deletion in forty days time by way of the normal course of operations.  (*Id.* Ex. 1  ¶¶ 2.4-2.32 & attach.).

Defendant contends, even if Plaintiff's allegations are true, they fail to allege contacts with Texas sufficient to establish personal jurisdiction.  Specifically, she maintains the allegations do not establish she committed an intentional tort in Texas.

The Supreme Court has described contributory infringement as intentionally inducing or encouraging direct infringement and vicarious infringement as profiting from direct infringement, while declining to exercise a right to stop or limit it.  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930-31, 125 S. Ct. 2764, 2776 (2005) (noting lines between direct infringement, contributory infringement and vicarious liability are not clearly drawn).  The Court further held "one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties."  *Id.*, 545 U.S. at 936-37, 125 S. Ct. at 2780.

Plaintiff argues her allegations are sufficient to establish Defendant Lynn Minor is subject to personal jurisdiction in Texas because she personally committed an intentional tort in Texas that caused harm to a Texas resident.  Plaintiff essentially asserts two theories of liability.  First, she

9

maintains broadly that because Lynn Minor was at all times working with her husband to run the business of Easynews and El Dorado, Defendant is responsible for the consequences of the actions of those business entities.  Plaintiff contends those entities existed for the purpose of enabling copyright violations, and because Defendant profited thereby, Defendant has committed an intentional tort against her in Texas.

This argument is more fully set forth in Plaintiff's response to the motion to dismiss of Defendant Jeffrey Alan Minor, which response Plaintiff has stated is incorporated herein by reference.  As a threshold matter, the undersigned notes Plaintiff's argument as asserted against Defendant Lynn Minor is at best tissue thin.  Collins asserts, because Lynn Minor was working with her husband, managing the accounting department, and profiting thereby, the activities of the corporation and her husband should be attributed directly to her.  Not surprisingly, she presents no legal authority for this proposition.  Nor has Plaintiff presented any evidence concerning Lynn Minor's knowledge of the alleged copyright infringement or even her depth of understanding of the business in which Easynews and El Dorado were engaged.  The undersigned finds it difficult, therefore, to conclude it would be proper to subject Lynn Minor to personal jurisdiction in this venue on the facts as presented by Plaintiff.

Further, even if the Court were to accept the attribution of the actions of the other defendants to Ms. Minor for jurisdictional purposes, Plaintiff's argument fails on the merits.  The crux of Plaintiff's argument is that the website, www.easynews.com, is "dedicated to capturing and re-selling copyrighted photographs, movies and games from the internet."  (Plf. Resp. to Jeffrey Alan Minor Mot. to Dism. App. A ¶ 1.2).  Plaintiff further asserts:

> under Jeff Minor's control, authority and direction, Mike Minor created a computer system to take advantage of the fact that millions of copyrighted photographs, movies, music and games were being freely distributed (without charge) from person to person on the USENET. . . .  It was well known among the more "geeky" travelers of the internet highway that they could find and download for free just about any copyrighted photograph, movie, song or game that someone else had uploaded to the USENET.  There are millions of copyrighted photos, movie, music

and games still available for free on the USENET today because no one has figured out a way to shut it down.

(*Id.* ¶¶ 5.8-5.9).

As Defendant points out, the only evidentiary support cited by Plaintiff for her sweeping accusations of copyright infringement committed by way of the Easynews website is the "expert" report of Sterling Foies ("Foies").[3]  Notably missing from the report, however, is any indication of the qualification of Foies.  Nor does the report contain any explanation of the methodology used by Foies in reaching his conclusions.[4]   Not surprisingly, therefore, Defendant objects to the findings and statements of Foies as unsupported and conclusory.[5]  *See Sefton v. Jew*, 201 F. Supp. 2d 730, 741 n.4 (W.D. Tex. 2001) (striking affidavit testimony where witnesses failed to establish themselves as experts and affidavits contained irrelevant material, unsupported opinions, and conjecture).  *See also Pedraza v. Jones*, 71 F.3d 194, 197 (5th Cir. 1995) (to qualify as expert, testimony must be relevant and must rest on reliable foundation).  The undersigned agrees and declines to consider these statements in evaluating the propriety of exercising personal jurisdiction over Defendant.

Defendant further argues, absent evidence that the business of Easynews and El Dorado was primarily the facilitation of downloading copyrighted images, music or movies, Plaintiff cannot establish she committed contributory or vicarious copyright infringement.  More to the point, this Court must look to whether Collins has established Defendant committed acts constituting

---

[3]  Defendant Lynn Minor does not directly address this argument in her pleading.  Rather, like Plaintiff, she refers to the briefing of Defendant Jeffrey Alan Minor's motion to dismiss.

[4]  The undersigned additionally notes each of Plaintiff's citations to Foies' report are simply to the report as a whole, rather than to any specific page or section of the report.  The report is thirty four pages in length and single spaced.  It is thus somewhat indigestible as a whole.

[5]  Such statements include: (1) "if all the copyrighted work was deleted from the www.Easynews.com website it is doubtful there would be much content left"; and (2) references to categories of files available on the Easynews website as consisting of "copyrighted images, movies, music and games" based on the category names inclusion of references to copyrighted matters such as "playstation" and "superman."  (Plf. Resp. Ex. 3 at 7, 22-23, 27-28, 32-33).

contributory or vicarious infringement specifically aimed at Texas.  In claiming Plaintiff has failed to meet this burden Defendant relies heavily on the Supreme Court's recognition that a product's capability of substantial noninfringing uses may be a defense to liability for indirect copyright infringement.  *See Sony Corp. v. Universal City Studios*, 464 U.S. 417, 442, 104 S. Ct. 774, 789 (1984) (declining to impute liability to manufacturers of video recorder where product merely capable of substantial noninfringing uses).  *See also Grokster*, 545 U.S. at 939 n.12, 125 S. Ct. at 2781 n.12 (absent other evidence of intent, court would be unable to find contributory infringement liability merely based on failure to take affirmative steps to prevent infringement, if  device was otherwise capable of substantial noninfringing uses).

The undersigned finds this defensive theory compelling in this action.  Although Plaintiff has alleged generally the Easynews website consists almost entirely of copyrighted materials, the Magistrate Court has found these allegations without sufficient evidentiary support.  Notably, Collins has not established the Easynews website is not otherwise capable of substantial noninfringing use.  Further, Plaintiff has failed to provide any evidence concerning the volume of business of either Easynews or El Dorado generated by infringing activities in Texas.[6]  Accordingly, Collins has failed to establish contacts by Defendant Lynn Minor sufficient to establish she committed an intentional tort in Texas on this basis.

Plaintiff also argues Defendant Lynn Minor engaged in vicarious copyright infringement because she was aware of the copyright violations committed by way of the Easynews website, and profited therefrom.  Collins maintains "Lynn Minor had actual and constructive knowledge that [s]he was providing the method and means for [her] Texas subscribers to 'directly infringe' on Collins' copyright by making it 'easy' for them to search for, view, print and download those photographs."

---

[6]  The undersigned recognizes Plaintiff has presented some evidence of the number of subscribers to the Easynews website located in Texas.  This evidence does not, however, include any information as to the amount of infringing activity, if any, engaged in by these subscribers.

(Plf. Resp. App. A ¶ 2.41).

However, Plaintiff presents no evidentiary support for this assertion.  As Defendant points out, her deposition testimony contains no reference to her participating in, or having knowledge of, the technical operations of Easynews or El Dorado.  Rather, her involvement was in the accounting department.  (L. Minor Depo. at 12).  Once again, Collins' theory rests on the notion that the actions of other defendants should be attributed to Defendant Lynn Minor for the purposes of establishing personal jurisdiction.  The undersigned has already declined to adopt this notion.

Moreover, even if Plaintiff is correct that Lynn Minor was aware of the infringing uses of the Easynews website, this is not enough alone to establish her commission of an intentional tort.  As set forth above, the Supreme Court in *Grokster* explored the notion of imputing liability for indirect infringement via computer software.  The decision in *Grokster* involved allegations of contributory copyright infringement against distributors of peer-to-peer file sharing computer networking software.  Users of the software were able to share copyrighted music and video files without authorization.  Although the Supreme Court recognized a court may impute culpable intent as a matter of law from the characteristics or uses of an accused product, the Court focused on the affirmative nature of the defendant's conduct related to those uses.  Specifically, Court noted three features of the evidence that especially demonstrated the requisite intent.  First, the defendants targeted "a known source of demand for copyright infringement, the market comprising former Napster[7] users."  *Grokster*, 545 U.S. at 939, 125 S. Ct. at 2781.  Second, neither defendant took any steps to diminish the infringing activity they knew about.  *Id.*  And, third, the defendants' models of business were such that they made money by increasing the volume of use of their software, therefore increasing the volume of infringement.  *Id*, 545 U.S. at 940, 125 S. Ct. at 2782.  However, the Court cautioned:

---

[7]  Napster was a rather notorious peer-to-peer file sharing service sued by copyright holders for facilitating copyright infringement.

mere knowledge of infringing potential or of actual infringing uses would not be enough here to subject a distributor to liability. Nor would ordinary acts incident to product distribution, such as offering customers technical support or product updates, support liability in themselves. The inducement rule, instead, premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise.

*Id.*, 545 U.S. at 937, 125 S. Ct. at 2780.

The undersigned finds Collins has failed to present evidence rising to the level identified in *Grokster*. She has failed to identify any marketing activities engaged in by Defendant which were specifically aimed at encouraging infringing uses of the Easynews website. Nor has Plaintiff presented evidence that Defendant's business volume or profitability increased with increased infringing activities. Rather, the evidence indicates subscribers paid a flat monthly fee regardless of their use of the website. Moreover, as noted above, Collins has not shown Defendant's income from infringing activities was significant. Instead, her argument rests solely on Defendant's purported knowledge of the infringing activities in Texas. This is simply not enough under the holding in *Grokster*. Thus, the Magistrate Court concludes Plaintiff has failed to meet her burden of establishing sufficient contacts on the part of Defendant Lynn Minor to subject her to personal jurisdiction in Texas. Accordingly, the motion to dismiss for lack of personal jurisdiction should be granted.

## IV.  FAILURE TO STATE A CLAIM

Defendant Lynn Minor has also moved to dismiss part of Plaintiff's complaint against her for failure to state a claim. Specifically, she contends Collins's allegations that she engaged in a fraudulent transfer are fatally deficient.

### A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The complaint

must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). The Supreme Court recently reminded lower courts that, in order to survive a motion to dismiss, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 122 S. Ct. 922, 998 (2002) (quoting FED. R. CIV. P. 8(a)(2)). Thus, a plaintiff is generally not required to plead facts supporting each and every element of his claim or legal theory. *Id.* Rather, a complaint is sufficient if it "give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 103 (1957)). Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.

**B. Analysis**

Defendant maintains Plaintiff's claim for fraudulent transfer fails because she has not met the standard for pleading fraud. Cases involving fraud and mistake are subject to more stringent pleading requirements. In such cases, "the circumstances constituting the fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). A complaint alleging fraud must state the "time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby." *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (quoting *Tuchman v. DSC Commc'ns Corp.,* 14 F.3d 1061, 1068 (5th Cir. 1994)). Plaintiffs are required, therefore, to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.*

Collins does not deny her fraudulent transfer claim lacks specificity. Rather, she maintains

her claim for fraudulent transfer should not be subject to the more stringent pleading requirement of Rule 9(b) because the Fifth Circuit has not issued an opinion holding Rule 9(b) applies to such claims.  Defendant agrees the Fifth Circuit has not spoken directly on the matter.  However, at least two courts in this state, including this one, have concluded Rule 9(b) applies to fraudulent transfer actions.  *See Quilling v. Stark*, 2006 WL 1683442, at *5 (N.D. Tex. June 19, 2006) (concluding Fifth Circuit precedent favors applying Rule 9(b) to fraudulent transfer actions); *Indiana Bell Tel. Co., v. Lovelady*, 2006 WL 485305, at * 1 (W.D. Tex. Jan. 11, 2006) (collecting cases from other jurisdictions).  *See also Amoco Chem. Co. v. Tex Tin Corp.*, 925 F. Supp. 1192, 1212 (S.D. Tex. 1996) (applying specificity requirement of Rule 9(b) to fraudulent transfer claim without discussion).  Moreover, as the *Lovelady* court pointed out, the Fifth Circuit has addressed the sufficiency of fraudulent transfer allegations.  The complaint at issue alleged a scheme to divest an entity controlled by the defendants of virtually all of its valuable assets so that the plaintiff's opportunity to collect on its debt was diminished.  The Court found "that the specific acts of fraud alleged here satisfy the requirement" of particularity in Rule 9(b).  *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 610 (5th Cir. 1967).  Accordingly, the undersigned concludes application of Rule 9(b) to Plaintiff's fraudulent transfer claim is proper.

As Plaintiff herself concedes, her claim for fraudulent transfer lacks the specificity mandated by Rule 9(b).  She contends, rather than dismissal, she should be permitted to amend her complaint to provide the requisite specificity.  Because the undersigned has already concluded Plaintiff has failed to establish the propriety of the exercise of personal jurisdiction over Defendant Lynn Minor, any amendment of her complaint would be futile.  Accordingly, Defendant's motion to dismiss should be granted.

## V.  RECOMMENDATION

The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Lynn Minor's

16

Motion to Dismiss (Clerk's Dkt. #103) as set forth above.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of November, 2007.


ROBERT PITMAN
UNITED STATES MAGISTRATE JUDGE